**ORDERED.**

Dated: May 13, 2011



_____
**EILEEN W. HOLLOWELL**
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>U.S. CORP., et al,<br><br>    Involuntary Debtors.<br>_____<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Plaintiff,<br><br>    v.<br><br>MARSHALL E. HOME,<br><br>    Defendant.<br>_____ | Involuntary Chapter 11<br><br>Case No. 4:11-bk-06731-EWH<br><br><br><br>Adv. No. 4:11-ap-00664-EWH<br><br><br><br><br>**MEMORANDUM DECISION** |

## I. FACTUAL AND PROCEDURAL HISTORY

On April 6, 2011, Petitioning Creditor Marshall E. Home ("Home") filed a notice of removal of Pima County Superior Court Case # 20103852 (the "Removed Action") to this Court as a related proceeding to an involuntary Chapter 11 case filed by Home against "U.S. Corp." The Removed Action is a forcible entry and detainer action ("FED Action") against Home by Federal National Mortgage Association ("FNMA"). In the Removed Action, Home also filed a number of counterclaims against FNMA and other

parties and a motion for summary judgment. The state court entered an order on March 21, 2011 in favor of FNMA on the FED Action and denied Home's counterclaims and motion for summary judgment.

## II. ISSUE

Should the court remand the removed adversary?

## III. JURISDICTIONAL STATEMENT

Jurisdiction is proper under 28 U.S.C. §§ 157(c) and 1334.

## IV. DISCUSSION

### A. Failure of Removing Creditors to Comply with Removal Rules

Rule 9027 governs the procedure for removing a state court case to bankruptcy court. Removal is accomplished by the filing in the bankruptcy court of a verified application containing a short and plain statement of the facts that entitle the applicant to remove. The application must be accompanied by a copy of all process and pleadings filed in the state court. Promptly after filing the application, the applicant is required to serve a copy of the application on all parties to the removed claim or cause of action.

There is no evidence that any of those procedures were followed in this adversary proceeding.

### B. Court's Authority to Remand Sua Sponte

A bankruptcy court's power to remand is governed by 28 U.S.C. § 1452(b), which provides in relevant part: "The court to which [a] claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Given this broad

2

grant of discretion, "a federal bankruptcy court [generally] does not have to rely upon a motion by any party to remand a case. Instead, the court can consider, upon its own motion, its jurisdiction over the subject matter and whether to remand the matter to state court. Texas Gulf Trawling Co. v. RCA Trawlers & Supply, Inc. (In re Ciclon Negro, Inc.), 260 B.R. 832, 837 (Bankr. S.D. Tex. 2001).

**C.    Basis for Removal**

To evaluate whether to remand, the court in Ciclon considered the convenience of the forum; (2) the presence of non-debtor parties; (3) whether the case should be tried as a whole in state court; (4) the duplicative and uneconomic effect of judicial resources in two forums; (5) the lessened possibility of inconsistent results; (6) whether the state court would be better able to handle issues of state law; (7) the expertise of the Bankruptcy Court; (8) the degree of relatedness or remoteness to the main bankruptcy case; (9) prejudice to involuntarily removed parties; (10) whether the case involves forum shopping; (11) the burden on the Bankruptcy Court's docket; and (12) considerations of comity. Id. In light of the fact that the Pima County court had issued a determinative ruling on March 21, 2011, this court finds that the case should be remanded to that court.

**V.  CONCLUSION**

For the foregoing reasons, a separate order will be issued remanding the Removed Action to the court from which it was removed.

Dated and signed above.

3

Case 4:11-ap-00664-EWH    Doc 8    Filed 05/13/11    Entered 05/16/11 07:34:46    Desc
Main Document    Page 3 of 6

Notice to be sent through the
Bankruptcy Noticing Center "BNC"
to the following:

Marshall E. Home
3051 W. Mexico St.
Tucson, AZ 85746

Federal National Mortgage Association
2380 Performance Dr.
Richardson, TX 75082

Kent Batty
Court Administrator
Pima County Superior Court
110 West Congress St.
Tucson, AZ 85701

Hon. Christopher P. Staring
Judge, Division 21
Pima County Superior Court
110 West Congress St.
Tucson, AZ 85701

Hon. Kyle A. Bryson
Judge, Division 5
Pima County Superior Court
110 West Congress St.
Tucson, AZ 85701

Hon. Stephen C. Villarreal
Judge, Division 4
Pima County Superior Court
110 West Congress St.
Tucson, AZ 85701

Michael A. Bosco, Jr.
Tiffany and Bosco
2525 E. Camelback Rd.
Phoenix, AZ 85016

Mark S. Bosco
Tiffany and Bosco
2525 E. Camelback Rd.
Phoenix, AZ 85016

| | |
|---|---|
| 1 | Thomas M. Murphy |
| 2 | Gust Rosenfeld P.L.C.<br>1 South Church Ave., Suite 1900 |
| 3 | Tucson, AZ 85701 |
| 4 | Recontrust Company N.A. |
| 5 | 2380 Performance Dr.<br>Richardson, TX 75082 |
| 6 | |
| 7 | Mortgage Electric. Reg. Sys., Inc.<br>P.O. Box 2026 |
| 8 | Flint, MI 48501 |
| 9 | Terry Wintz dba Tucson Prop. Exec.<br>3025 N. Campbell Ave., suite 26 |
| 10 | Tucson, AZ 85719 |
| 11 | Countrywide Home Loans, Inc. |
| 12 | P.O. Box 10423<br>Van Nuys, CA 91410 |
| 13 | |
| 14 | Bank of America<br>P.O. Box 10423 |
| 15 | Van Nuys, CA 91410 |
| 16 | Sheriff of Pima County<br>Atten: Sgt. Reis |
| 17 | Fraud Division<br>1750 E. Benson Highway |
| 18 | Tucson, AZ 85714 |
| 19 | |
| 20 | Stewart Title & Trust of Tucson<br>Atten: Joseph H. Tacj<br>3939 E. Broadway Blvd. |
| 21 | Tucson, AZ 85711 |
| 22 | Tom Horne |
| 23 | Arizona Attorney General<br>State of Arizona |
| 24 | 400 W. Congress St.<br>Tucson, AZ 85701 |
| 25 | |
| 26 | |
| 27 | |
| 28 | 5 |

| | |
|---|---|
| 1 | Dennis Burke |
| 2 | United States Attorneys Office<br>District of Arizona |
| 3 | 405 W. Congress St., Suite 4800<br>Tucson, AZ 85701 |
| 4 | |
| 5 | Office of the Attorney General<br>U.S. Department of Justice |
| 6 | 950 Pennsylvania N.W.<br>Washington, DC 20530 |

6